IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIMBERLY CHRISTOPHERSON,

        Plaintiff,

v.                                                                        No. _____

STATE FARM INSURANCE,

        Defendant.

## NOTICE OF REMOVAL

      Defendant State Farm Fire and Casualty Company (incorrectly identified in the case caption as "State Farm Insurance") (hereinafter "State Farm"), by and through its counsel of record, Miller Stratvert P.A. (Todd A. Schwarz and Stephen B. Waller), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico as follows:

      1.     Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant State Farm hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the Eleventh Judicial District, County of San Juan, State of New Mexico, styled: Kimberly Christopherson v. State Farm Insurance; Eleventh Judicial District Cause No. D-1116-CV-2016-00713 (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on State Farm to date are attached hereto as Exhibit 1 (Summons and copy of transmittal letter from Office of Superintendent of Insurance) and Exhibit 2 (copy of the below-defined Complaint and its exhibits, with redactions added by State Farm for compliance with Fed. R. Civ. P. 5.2(a)).

2. Plaintiffs' original filing, which is titled as a Petition for Declaratory Judgment (hereinafter the "Complaint"), was filed in the Eleventh Judicial District Court on June 8, 2016. The Complaint and Summons were served on Defendant State Farm through the State of New Mexico, Office of Superintendent of Insurance, which accepted service on July 26, 2016. *See* Exhibit 1. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within thirty (30) days of service of the Complaint and Summons.

3. Defendant State Farm states that this is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the sole Plaintiff and the sole Defendant, and the amount in controversy exceeds $75,000.00.

4. The Complaint asserts that Plaintiff is a resident of Weld County, Colorado. *See* Exhibit A, Complaint at ¶ 1.

5. The Complaint asserts that Defendant State Farm "is a foreign insurance company" but does not allege Defendant State Farm's specific state or states of residence. However, Defendant State Farm is a resident of the State of Illinois, as it is incorporated in Illinois and has its principal place of business in the State of Illinois. *See* Exhibit 3, Affidavit of Jim Larson.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. The following is established on the face of the Complaint. This case involves an actual controversy between Plaintiff, on the one hand, and Defendant State Farm, on the other hand, regarding insurance coverage and insurance practices. Plaintiff alleges that she at one time had an insurance policy issued by State Farm, that such policy provided for up to $50,000.00 in Uninsured/Underinsured Motorist coverage, and that State Farm wrongfully refused to pay such

amount to Plaintiff in connection with an all-terrain vehicle accident that occurred on March 31, 2015.  *See* Complaint ¶¶ 3-10.

8.      Plaintiff further alleges that Defendant State Farm has violated the New Mexico Unfair Practices Act and that Plaintiff is therefore entitled to "compensatory damages, attorney fees, costs and treble (triple) damages" as well as "[e]xemplary damages" and unspecified "[g]eneral and consequential damages[.]"  *See* Complaint ¶ 11-13 and 13(a)-(b).

9.      Plaintiff further alleges that Defendant State Farm has violated the New Mexico Insurance Practices Act and that Plaintiff is therefore entitled to "compensatory damages, attorney fees and costs."  *See* Complaint ¶ 14-15.

10.     Without admitting any of the foregoing allegations, Defendant State Farm respectfully submits that the aggregate "value" of what Plaintiff seeks to recover in this case, including Plaintiff's claim for "exemplary" [punitive] damages, exceeds $75,000.00.  *See Wiatt v. State Farm Ins. Co.*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

11.     The United States Supreme Court has recently clarified that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

12.     Notice is being provided to Plaintiffs of the filing of this Notice as required by 28 U.S.C. § 1446(d).

13. A copy of this Notice will be filed with the Clerk for the District Court for Santa Fe County in the State Court Action as required under 28 U.S.C. § 1446(d).

        Respectfully submitted,

        MILLER STRATVERT P.A.

By */s/ Todd A. Schwarz*
    TODD A. SCHWARZ
    STEPHEN B. WALLER
    Attorneys for Defendant
    Post Office Box 25687
    Albuquerque, NM 87125
    Phone: (505) 842-1950
    Fax: (505) 243-4408

The undersigned hereby certifies that on the 25th day of August, 2016, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means. The undersigned further certifies that on the 25th day of August, 2016, a copy of the foregoing was also served by U.S. Mail on:

Victor A. Titus
Titus & Murphy Law Firm
2021 E. 20th St.
Farmington, NM 87401
Telephone: (505) 326-6503

*/s/ Todd A. Schwarz*
Todd A. Schwarz

\\Abq-tamarack\ProData\000065-048858\3029962.docx